Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ROBERT STANGER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> CHINA ELECTRIC MOTOR, INC., YU WANG, HAIXIA ZHANG, FUGUI WANG, HEUNG SANG "DEXTER" FONG,  WESTPARK CAPITAL, INC., AND ROTH CAPITAL PARTNERS, LLC, <br><br> Defendants. | No.  CV 11-2794 R (AGRx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE GOPANI GROUP TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: Manuel Real <br><br> Hearing Date:  July 18, 2011 <br> Time:  10 a.m. <br> CTRM:  8 (Spring Street) |

1

| | |
|---|---|
| VINCE DESANTIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> CHINA ELECTRIC MOTOR, INC, YUE WANG, HAIXIA ZHANG, FUGUI WANG, GUOQIANG ZHANG, AND HEUNG SANG FONG, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. CV 11-03484-RGK (AJWx) <br><br> <u>CLASS ACTION</u> |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Bankim Gopani, Mike McGee, Niranjan Kumar Das, Mark Stephenson and Melvin Younker (collectively, "Movant" or the "Gopani Group") respectfully submit this memorandum in support of their motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act") and Section 27 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned related actions;

(2) appointing the Gopani Group as Lead Plaintiff on behalf of all persons or entities, other than defendants, who: (a) purchased or otherwise acquired the securities of China Electric Motor, Inc. ("CELM" or the "Company") pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the Company's January 29, 2010 initial public offering (the "IPO" or the "Offering"); and/or (2) purchased or otherwise acquired the securities of CELM during the period from January 29, 2010 to March 30, 2011, inclusive (the "Class Period"); and

(3) appointing the Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

On April 1, 2011, The Rosen Law Firm, P.A. commenced this action against Defendants[1] for claims under Sections 10(b) and 20(a) of the Exchange Act and  Sections 11, 12(a)(2), and 15 of the Securities Act. On that same day, The Rosen Law Firm, P.A. issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff.  A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Following the filing of the instant action, which was the first-filed action in this matter, a related action was filed in this District: *Vince Desantis v. China Electric Motor, Inc., et al.,* Case No. CV 11-03484 RGK (AJWx). The related action alleges the same or similar claims, class period, and nucleus of operative facts as this action.

In summary, the complaints allege that CELM, a Delaware corporation headquartered in the People's Republic of China, and certain of its officers and directors violated the Exchange and Securities Acts in connection with: (1) the Company's issuance of materially false and misleading statements about the Company's true financial condition and the nature of its internal controls; (2) the Company's issuance of materially false and misleading statements in its periodic reports filed with the Securities Exchange Commission ("SEC"); and (3) the Company's issuance of materially false and misleading statements in its Registration Statement and Prospectus relating to CELM's January 2010 IPO.

---

[1] "Defendants" refers to, collectively: Chine Electric Motor, Inc., Yu Wang, Haixia Zhang, Fugui Wang, Heung Sang "Dexter" Fong, Westpark Capital, Inc. ("Westpark"), and Roth Capital Partners, LLC ("Roth Capital").

Memorandum of Points and Authorities in Support of Motion of the Gopani Group to
Consolidate Related Actions, for Appointment as Lead Plaintiff, and
Approval of Choice of Counsel – No. CV 11-2794 R (AGRx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

More specifically, the complaints allege that, throughout the Class Period, CELM falsely claimed that the Company's disclosure controls were effective; that the Company's internal controls were effective; and that the Company could not identify any material internal control deficiencies.

On March 31, 2011, the Company issued a press release announcing that it would be forming a special committee to investigate certain "accounting discrepancies," and that the Company would be delaying the release of its financial statements for the fourth quarter and fiscal year ended December 31, 2010.

Following this news, on the same day, the Company's stock was halted, thereby rendering it illiquid. The Company's stock remains halted to this day. As a result, plaintiffs and the class have been damaged.

## ARGUMENT

## II.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.   Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).   As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act and Sections 11, 12(a)(2), and 15 of the Securities Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B), 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii), 15 U.S.C. § 77z-1(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *Richardson*, 2007 WL 1129344, at * 2; (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

Memorandum of Points and Authorities in Support of Motion of the Gopani Group to
Consolidate Related Actions, for Appointment as Lead Plaintiff, and
Approval of Choice of Counsel – No. CV 11-2794 R (AGRx)

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

## A. Movant Is Willing to Serve as Class Representative

The Gopani Group has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in the PSLRA certifications of the members of the Gopani Group filed concurrently herewith, each member attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, the Gopani Group satisfies the first requirement to serve as Lead Plaintiff for the class.

## B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson*, 2007 WL 1129344 at * 4 (citing cases).

With $722,589.74 in total losses, the Gopani Group is not aware of any other movant that has suffered greater losses in CELM stock during the Class Period[2]. *See* Rosen Decl., Ex. 3 (Gopani Group Loss Chart).

The Gopani Group is small enough that coordinated decision making will not present difficulties. The Securities and Exchange Commission has noted, and

---

[2] As the Company's stock has been halted since March 31, 2011, rendering it completely illiquid, Movant uses a $0 per share value for CELM stock in its loss calculations.

6

numerous courts have held, that small groups whose members all have suffered substantial losses, such as the Gopani Group, are suitable lead plaintiffs. *See e.g. In re Tyco Int'l Ltd. Sec. Litig.*, 2000 WL 1513772, at *4 n.7 (D.N.H. Aug. 17, 2000); *In re The First Union Corp. Sec. Lit.*, 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999); *In re Universal Access, Inc., Sec. Lit.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); and *In re Oxford Health Plans, Inc. Sec. Lit.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (co-lead plaintiff group allows for broad representation and sharing of resources and experience).

Accordingly, the Gopani Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.   The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15   U.S.C.   §78u-4(a)(3)(B)(iii)(I)(cc),   15   U.S.C.   §77z-1 (a)(3)(B)(iii)(I)(cc).   Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

7

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

The Gopani Group and each of its members fulfill all of the pertinent requirements of Rule 23. Each member of the Gopani Group shares substantially similar questions of law and fact with the members of the class, and their claims are typical of the members of the class. Each of Gopani Group members and all members of the class allege that Defendants violated the Exchange and Securities Acts by publicly disseminating false and misleading financial statements about CELM and its business. The Gopani Group and its members, as did all of the members of the class, purchased Company stock at prices artificially inflated due to Defendants' misrepresentations and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the Gopani Group's desire to prosecute this action on behalf of the class, provides ample reason to appoint the Gopani Group as Lead Plaintiff.

### D. The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

8

Memorandum of Points and Authorities in Support of Motion of the Gopani Group to
Consolidate Related Actions, for Appointment as Lead Plaintiff, and
Approval of Choice of Counsel – No. CV 11-2794 R (AGRx)

The presumption in favor of appointing the Gopani Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

>(aa)   will not fairly and adequately protect the interest of the class; or

>(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. The members of the Gopani Group are not aware of any unique defenses that Defendants could raise against any of them that would render them inadequate to represent the Class. Accordingly, the Court should appoint the Movant as Lead Plaintiff for the Class.

## IV.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Gopani Group has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm, P.A. filed the first of these related actions and has been actively researching the class's and Movants' claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the Rosen Law Firm, P.A. is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries

9

Memorandum of Points and Authorities in Support of Motion of the Gopani Group to
Consolidate Related Actions, for Appointment as Lead Plaintiff, and
Approval of Choice of Counsel – No. CV 11-2794 R (AGRx)

on behalf of investors. The resume of the Rosen Law Firm, P.A. is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Gopani Group's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.     CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above captioned related actions; (2) appointing the Gopani Group as Lead Plaintiff of the class; (3) approving The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   May 31, 2011            Respectfully submitted,


                                 THE ROSEN LAW FIRM, P.A.


                                  /s/ Laurence Rosen, Esq.
                                 Laurence M. Rosen, Esq. (SBN 219683)
                                 THE ROSEN LAW FIRM, P.A.
                                 333 South Grand Avenue, 25th Floor
                                 Los Angeles, CA 90071
                                 Telephone: (213) 785-2610
                                 Facsimile: (213) 226-4684
                                 Email: lrosen@rosenlegal.com

                                 [Proposed] Lead Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071.  I am over the age of eighteen.

On May 31, 2011, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE GOPANI GROUP TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on May 31, 2011

/s/ Laurence Rosen
Laurence M. Rosen

11