| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | LIONEL Z. GLANCY (#134180)<br>MICHAEL GOLDBERG (#188669)<br>GLANCY BINKOW & GOLDBERG LLP<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, California 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160<br>info@glancylaw.com |
| 7<br>8 | *Attorneys for Movants Sylvia Snader,*<br>*Raymond R. Snader, Jr. and Dhaval Naik* |
| 9<br>10 | *[Additional Counsel on Signature Page]* |

FILED
CLERK, U.S. DISTRICT COURT
MAY 31 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STANGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>CHINA ELECTRIC MOTOR, INC., YU WANG, HAIXIA ZHANG, FUGUI WANG, HEUNG SANG "DEXTER" FONG, WESTPARK CAPITAL, INC., and ROTH CAPITAL PARTNERS, LLC,<br><br>Defendants. | No. CV11-02794-R (AGRx)<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SYLVIA SNADER, RAYMOND R. SNADER, JR. AND DHAVAL NAIK FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL<br><br>Date: July 5, 2011<br>Time: 10:00 a.m.<br>Courtroom: 8-2nd Floor<br>Honorable Manuel L. Real |

*[Caption Continues on Following Page]*

| | |
|---|---|
| VINCE DESANTIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>CHINA ELECTRIC MOTOR, INC., YUE WANG, HAIXIA ZHANG, FUGUI WANG, GUOQIANG ZHANG, LIANG TANG, SHUIPING WANG, and HEUNG SANG FONG,<br><br>Defendants. | No. CV11-03484-RGK (PJWx) |

No. CV11-02794-R (AGRx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SYLVIA SNADER, RAYMOND R. SNADER, JR. AND DHAVAL NAIK FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

# TABLE OF CONTENTS

I. FACTUAL BACKGROUND ................................................................. - 1 -

II. PROCEDURAL HISTORY ................................................................... - 2 -

III. ARGUMENT ......................................................................................... - 3 -

    A. The Related Actions Should Be Consolidated .................. - 3 -

    B. Movants Should Be Appointed Lead Plaintiff .................. - 3 -

        1. Movants Are Making A Motion In Response To A Published Notice ................................................... - 4 -

        2. Movants Have The Largest Financial Interest In This Action ............................................................. - 5 -

        3. Movant Satisfy The Requirements Of Rule 23 Of The Federal Rules of Civil Procedure ........................... - 6 -

            a. Movants' Claims Are Typical ....................... - 7 -

            b. Movants Are Adequate Representatives ........ - 7 -

        4. Movants Are Presumptively The Most Adequate Plaintiff ...................................................................... - 8 -

    C. The Court Should Approve Lead Plaintiff's Choice of Counsel ............................................................................... - 9 -

IV. CONCLUSION ..................................................................................... - 9 -

No. CV11-02794-R (AGRx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SYLVIA SNADER, RAYMOND R. SNADER, JR. AND DHAVAL NAIK FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

i

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002)............................................................... passim

*In re Oxford Health Plans, Inc. Secs. Litig.,*
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................ - 5 -

*Johnson v. Celotex Corp.,*
  899 F.2d 1281 (2d Cir. 1990)................................................................... - 3 -

*Mohanty v. BigBand Networks, Inc., No. C,*
  07-05101 SBA, 2008 WL 426250 (N.D. Cal. Feb. 13, 2008) .................... - 4 -

*Query v. Maxim Integrated Prods., Inc.,*
  558 F. Supp. 2d 969 (N.D. Cal. 2008) ...................................................... - 5 -

*Takeda v. Turbodyne Techs., Inc.,*
  67 F. Supp. 2d. 1129 (C.D. Cal. 1999)........................................ - 6 -, - 7 -, -9 -

*Yanek v. Staar Surgical Co.,*
  2004 WL 5574358 (C.D. Cal. Dec. 15, 2004)........................................... - 8 -

*Yousefi v. Lockheed Martin Corp.,*
  70 F.Supp.2d 1061, 1070 (C.D. Cal. 1999)........................................-5-, - 8 -

**Statutes**

15 U.S.C. § 78 u-4(a)(3)(b)(iii) .......................................................- 3 -, - 5 -, - 8 -

15 U.S.C. §78u-4(a)(3)(B)(iii) ...................................................................- 4 -, -9-

**Rules**

Federal Rule of Civil Procedure 23 ...........................................-4-, - 6 -, - 7 -

Federal Rule of Civil Procedure Rule 42(a) .............................................. - 3 -
No. CV11-02794-R (AGRx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SYLVIA SNADER,
RAYMOND R. SNADER, JR. AND DHAVAL NAIK FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

ii

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

Lead plaintiff movants Sylvia Snader, Raymond R. Snader, Jr. and Dhaval Naik (collectively hereinafter, "Movants") respectfully submit this memorandum of points and authorities in support of their motion for consolidation of related cases, appointment as lead plaintiff and approval of Movants' selection of lead counsel.

## I. FACTUAL BACKGROUND

This is a class action on behalf of persons and/or entities who: (1) purchased or otherwise acquired the common stock of China Electric Motor, inc. ("CELM" or the "Company") pursuant and/or traceable to the Company's Registration Statement and Prospectus (collectively, the "Registration Statement") issued in connection with the Company's initial public offering (the "IPO" or the "Offering"), seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act"); and (2) purchased or acquired the securities of CELM between January 29, 2010 and March 30, 2011, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

CELM engages in the design, manufacture, sale, and marketing of micro-motors and micro-motor components primarily in the People's Republic of China.

Plaintiffs allege that throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that there were discrepancies in the Company's banking statements; (2) that, as a result, the Company's financial statements were misstated; (3) that the Company lacked adequate internal and financial controls; and (4) that, as a result of the

foregoing, the Company's financial statements were materially false and misleading at all relevant times.

On January 29, 2010, the Company priced its IPO of 5,000,000 shares of common stock at $4.50 per share, which was completed on or around February 3, 2010, and conducted pursuant to the Registration Statement.

On March 31, 2011, The NASDAQ Stock Market unexpectedly announced that it had halted trading in CELM's common stock and was requesting additional information from the Company.

On March 31, 2011, CELM disclosed that it would be unable to timely file its Annual Report on Form 10-K with the SEC for the 2010 fiscal year because of possible discrepancies identified by CELM's auditors concerning the Company's bank statements. CELM further disclosed that the Company's Board of Directors had formed a Special Committee to conduct an internal investigation.

Thereafter, on April 11, 2011, CELM disclosed that the SEC had commenced a formal investigation into whether CELM or any of its personnel had violated the federal securities laws and that on April 7, 2011, the Company had received a subpoena from the SEC.

## II. PROCEDURAL HISTORY

Plaintiff Robert Stanger ("Stanger") commenced the above-captioned action on April 1, 2011, and on that day counsel for Stanger published a notice on *Marketwire* announcing that a securities class action had been initiated against Defendants herein. *See* Declaration of Michael Goldberg In Support of Motion of Sylvia Snader, Raymond R. Snader, Jr. and Dhaval Naik For Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Goldberg Declaration"), submitted herewith at Exhibit A. In addition to the Stanger complaint, a related action subsequently was filed in this District

(collectively the "Related Actions"), and each of the Related Actions is reflected above in the caption of this document.

Movants bring the instant motion pursuant to plaintiff Stanger's published notice of pendency, and file this motion prior to expiration of the 60-day period from publication of the April 1, 2011 notice.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Rule 23 Of The Federal Rules Of Civil Procedure Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). The Court has broad discretion under this Rule to consolidate cases pending within its District. Id.

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges violations of federal securities laws, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all Related Actions. Accordingly, consolidation under Rule 42(a) is appropriate.

### B. Movants Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

  (aa) has either filed the complaint or made a motion in response to a notice. . . ;

  (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)

As set forth herein, Movants satisfy all three of these criteria, and thus are entitled to the presumption that Movants are the "most adequate plaintiff" for the Class.

### 1. Movants Are Making A Motion In Response To A Published Notice

On April 1, 2011, plaintiff Robert Stanger filed a class action complaint alleging violations of federal securities laws against CELM and certain of the Company's executive officers, and on that day, pursuant to §21D(a)(3)(A)(i) of the PSLRA, counsel for Stanger published a notice of pendency of plaintiff's case on *Marketwire* – a widely circulated national business-oriented wire service[1] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of CELM securities that they had 60 days from the

---

[1] *See Mohanty v. BigBand Networks, Inc.*, No. C 07-05101 SBA, 2008 WL 426250, at *2 (N.D. Cal. Feb. 13, 2008).

publication of the April 1, 2011 Notice to file a motion to be appointed as lead plaintiff.[2]

Movants file the instant motion pursuant to plaintiff Robert Stanger's published notice, and submit herewith Movants' sworn certifications attesting that Movants are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Alternatively, in the event the Court deems it appropriate to appoint a single lead plaintiff in this case, Sylvia Snader, Raymond R. Snader, Jr. and Dhaval Naik each move individually for appointment as lead plaintiff.

Movants therefore satisfy the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Movants Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B). *In re Cavanaugh*, 306 F.3d at 730. The statutory language explicitly provides that a "member or members" of the class or the "person or group of persons" may jointly serve as the "most adequate plaintiff." *Id.* Moreover, Courts in this Circuit recognize that the plain language of the statute allows individual plaintiffs to aggregate their losses in order to serve as the lead plaintiff. *See e.g., Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 974 (N.D. Cal. 2008) ("[t]hat the [Movants] seek[] appointment of multiple plaintiffs ... as a collective group does not run afoul of the PSLRA.") (citing, *inter alia*,

---

[2] *See, e.g., Yousefi v. Lockheed Martin Corp.*, 70 F.Supp.2d 1061, 1070 (C.D. Cal. 1999) (noting "the Court [in *In re Oxford Health Plans, Inc. Secs. Litig.*, 182 F.R.D. 42, 43-46 (S.D.N.Y. 1998)] did not grant the letter of class members' motions but instead modified them *sua sponte* in order to progress with the suit").

*Cavanaugh*, 306 F.3d at 731 and *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1131, 1139 (C.D. Cal. 1999)). Here, Movants purchased 108,845 shares of CELM during the Class Period, and as a result have suffered collective financial losses of $213,922.42. *See* Goldberg Declaration, Exhibit C. To the best of their knowledge, Movants believe they have the largest financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff, and accordingly are presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d at 730.

### 3.  Movant Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d at 731. Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *See Takeda*, 67 F. Supp. 2d., at 1136 (citations omitted).

### a. Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the other class members' claims, and plaintiff's claims are based on the same legal theory. *See Takeda* 67 F. Supp. 2d., at 1137. Here, Movants' claims are typical of the claims asserted by Class. Movants, like all members of the Class, allege that Defendants violated federal securities laws by publicly disseminating false and misleading statements concerning CELM's business, operations and financial prospects. Movants, like all members of the Class, purchased CELM securities at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. Thus, the interests of Movants are closely aligned with other Class members', and, therefore, Movants' interests are typical of the other members of the Class. *Id.*

### b. Movants Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1137 (citation omitted). The class representative must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.*

No. CV11-02794-R (AGRx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SYLVIA SNADER, RAYMOND R. SNADER, JR. AND DHAVAL NAIK FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Each of the Movants herein has demonstrated his or her adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class. Movants comprise a small, cohesive group who have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed lead plaintiff. *See* Movants' Joint Declaration, attached to the Goldberg Declaration as Exhibit D. Movants also sustained significant financial losses from their investments in CELM securities and are, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C. Moreover, "no evidence exists to suggest that [Movants] are antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi*, 70 F. Supp. 2d at 1071.

### 4. Movants Are Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movants as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I). The presumption that the Movants herein are the most adequate plaintiff is not, therefore, subject to rebuttal. Movants have suffered substantial financial losses – in excess of $213,000 – and believe they have the largest financial interest in this case of any timely lead plaintiff movant. Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class. In addition, Movants' Joint Declaration, attached hereto as Exhibit D to the Goldberg Declaration, demonstrates that Movants are a cohesive group, "small enough to possess the ability to control the litigation and the lawyers." *Yanek v. Staar*

*Surgical Co.*, 2004 WL 5574358, at *5 (C.D. Cal. Dec. 15, 2004); *see also Takeda*, 67 F. Supp. 2d at 1135. Accordingly, Sylvia Snader, Raymond R. Snader, Jr. and Dhaval Naik are presumptively the "most adequate plaintiff" and should be appointed lead plaintiff for the Class. *In re Cavanaugh*, 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. See §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interest of the plaintiff class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh*, 306 F.3d at 733. In the present case, Movants have retained Lieff, Cabraser, Heimann & Bernstein, LLP to pursue this litigation on their behalf, and will retain this law firm as plaintiff's lead counsel, with Glancy Binkow & Goldberg LLP as Liaison Counsel, in the event Movants are appointed lead plaintiff. Lieff, Cabraser, Heimann & Bernstein, LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Goldberg Declaration as Exhibit E. Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

### IV. CONCLUSION

For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order (a) consolidating the above-captioned related actions (b) appointing Sylvia Snader, Raymond R. Snader, Jr. and Dhaval Naik as lead

plaintiff, (c) approving Movants' selection of Lieff, Cabraser, Heimann & Bernstein, LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Dated: May 31, 2011

GLANCY BINKOW & GOLDBERG LLP

By: _____
Michael Goldberg
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Proposed Liaison Counsel*

LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
Richard M. Heimann (#063607)
Joy A. Kruse (#142799)
Sharon M. Lee (pro hac vice to be filed)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: rheimann@lchb.com
Email: jakruse@lchb.com
Email: slee@lchb.com

*Proposed Lead Counsel*