UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

---------------------------------------------------X

| | |
|---|---|
| MIKE MCGEE, BANKIM GOPANI, NIRANJAN KUMAR DAS, MARK STEPHENSON, MELVIN YOUNKER, VICTOR BRANCACIO, and ROBERT WALSH, Individually and On Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>CHINA ELECTRIC MOTOR, INC., YUE WANG, HAIXIA ZHANG, HEUNG SANG "DEXTER" FONG, FUGUI WANG, GUOQIANG ZHANG, LIANG TANG, SHUIPING WANG, WESTPARK CAPITAL, INC., ROTH CAPITAL PARTNERS, LLC, RICHARD RAPPAPORT, PHILIP KEMPISTY, KEMPISTY & COMPANY CPAS, P.C., and MALONEBAILEY, LLP,<br><br>  Defendants. | No. CV 11-2794-R (AGRx)<br><br>CLASS ACTION<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT**<br><br>Hon. Manuel L. Real |

---------------------------------------------------X

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement (the "Stipulation") dated June 10, 2013 is hereby submitted to the Court pursuant to Rule 23 of the Federal Rules

Stipulation and Agreement of Settlement--No. CV 11-2794-R (AGRx)

of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into between Lead Plaintiff Mike McGee, on behalf of himself and the putative class (collectively, "Plaintiffs"); and defendants Kempisty & Company CPAs, P.C. and Philip Kempisty (the "Kempisty Defendants").

1. WHEREAS a class action complaint styled *Stanger v. China Electric Motor, Inc.*, 11-CV-2794-R-AGRx alleging violations of federal securities laws against: China Electric Motor, Inc., Liang Tang ("Tang"), Fugui Wang ("F. Wang"), Shuiping Wang ("S. Wang"), Yue Wang ("Y. Wang"), Guoqiang Zhang ("G. Zhang"), and Haixia Zhang ("H. Zhang"), and Heung Sang "Dexter" Fong ("Fong") (collectively, the "China Electric Defendants"), WestPark Capital, Inc. ("WestPark"), WestPark's CEO Richard Rappaport ("Rappaport"), Roth Capital Partners ("Roth"), Kempisty & Company CPAs, P.C. ("Kempisty"), Kempisty's CEO Philip Kempisty, and MaloneBailey LLP ("MaloneBailey"), was filed in the United States District Court for the Central District of California (the "Court"), and later consolidated with a related action, styled *DeSantis v. China Electric Motor, Inc. et al.*, 11-CV-3483-R-AGR, on July 26, 2011 (collectively, the "Litigation").

2. WHEREAS, by Order dated July 26, 2011, the Court appointed Mike McGee as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel;

3. WHEREAS, on September 2, 2011, the Lead Plaintiff filed the operative Consolidated Amended Complaint alleging: (Count 1) violations of Section 11 of the Securities Act of 1933 (the "Securities Act") against the China Electric Defendants, Kempisty, and MaloneBailey; (Count 2) violations of Section 11 of the Securities Act against WestPark and Roth; and (Count 3) violations of Section 15 of the Securities Act against Tang, F. Wang, S. Wang, Y. Wang, G. Zhang, H. Zhang, Fong, Rappaport, Philip Kempisty, and MaloneBailey;

4. WHEREAS the Kempisty Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Kempisty Defendants with respect to any actual or potential claim, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Kempisty Defendants have asserted; nor shall this Stipulation be construed as or deemed to be evidence of an admission or concession by the Lead Plaintiff of any infirmity in the claims asserted in the Litigation;

NOW THEREFORE, without any admission or concession on the part of the Lead Plaintiff of any lack of merit in the Litigation whatsoever, and without any admission or concession on the part of the Kempisty Defendants of any liability, wrongdoing, or lack of merit in the defenses asserted in the Litigation whatsoever, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement, that any and all claims made or that could have been made in the Litigation, including all Settled Claims (as defined below) asserted by Plaintiffs against the Released Parties (as defined below), shall be compromised, settled, released, and dismissed with prejudice as provided in this Stipulation and Agreement of Settlement, without costs as to Plaintiffs or any of the Released Parties, subject to the approval of the Court, upon and subject to the following terms and conditions:

A. CERTAIN DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below:

1. "Claims Administrator" means the accounting and claims administration firm, Strategic Claims Services, Inc., that Lead Plaintiff's Counsel requests be appointed by the Court to administer the Settlement and disseminate notice to the Settlement Class.

2. "Court" means the United States District Court for the Central District of California.

3. "Effective Date" means the date on which all of the conditions set forth below in subparagraph D.1 shall have been satisfied and the Court's Order and Final Judgment becomes "Final." The Court's Order and Final Judgment shall be deemed to be "Final" when either of the following has occurred: (a) if an appeal or review is not sought by any person from the Order and Final Judgment, the day following the expiration of the time to appeal or petition from the Order and Final Judgment; or (b) if an appeal or review is sought from the Order and Final Judgment, the day after such Order and Final Judgment is affirmed or the appeal or review is dismissed or denied and such Order and Final Judgment is no longer subject to further judicial review.

4. "Escrow Account" means the interest-bearing account selected by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent for the benefit of Lead Plaintiffs and the Settlement Class until the Effective Date of the Settlement.

5. "Escrow Agent" means the Claims Administrator or its duly appointed agent(s). The Escrow Agent shall perform the duties set forth in this Stipulation.

6. "Gross Settlement Fund" means the Settlement Amount plus all interest earned thereon.

7. "Lead Plaintiff" means Mike McGee.

8.     "Lead Plaintiff's Counsel" means The Rosen Law Firm, P.A.

9.     "Order and Final Judgment" means the order and judgment entered by the Court, including the "Bar Order" provision barring certain claims for contribution and indemnification (among others), approving the Settlement and dismissing the Litigation as against the Kempisty Defendants with prejudice and without costs to any party, and releasing the Settled Claims against the Released Parties as provided herein.

10.    "Person" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, affiliate, joint stock company, trust, estate, unincorporated association, government, or any political subdivision or agency thereof, any other type of legal or political entity, any legal representative, and, as applicable, their respective spouses, heirs, predecessors, successors, representatives, and assigns.

11.    "Plaintiffs" means the Lead Plaintiff and the Settlement Class.

12.    "Released Parties" means Philip Kempisty, Kempisty & Company CPAs, P.C., and any of its current, former, or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, employees, attorneys, trustees, insurers (including each of the Kempisty Defendants' insurers' respective businesses, affiliates, subsidiaries, parents and affiliated corporations, divisions, predecessors, shareholders, partners, joint venturers, principals, insurers, reinsurers, successors and assigns, and their respective past, present and future employees, officers, directors, attorneys, and representatives, if any, and all of them), reinsurers, advisors, accountants, associates, and/or any other individual or entity in which any of the Kempisty Defendants have or had a controlling interest or which is or was related to or affiliated with any of the Kempisty Defendants, and the current, former, and future

legal representatives, heirs, successors-in-interest, or assigns of any of the Kempisty Defendants.

13. "Settled Claims" means any and all claims, debts, demands, liabilities, rights, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and unknown claims: (i) that have been or could have been asserted in the Litigation by the Lead Plaintiff and/or Settlement Class Members or any of them against any of the Released Parties; or (ii) that relate to the purchase, acquisition, or sale of China Electric securities during the Settlement Class Period by the Lead Plaintiff or any Settlement Class Member, that were or might have been asserted on behalf of themselves, their heirs, executors, administrators, successors, and assigns against the Released Parties or any of them; provided, however, that Settled Claims do not include any pending shareholder derivative litigation. Settled Claims also include any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Litigation against the Released Parties, except claims to enforce any of the terms of this Stipulation.

14. "Settlement Class" and "Settlement Class Members" mean, for purposes of this Settlement, all persons who purchased or otherwise acquired any common stock of China Electric during the period from January 29, 2010 through and including March 30, 2011, and were allegedly damaged thereby. Excluded from the Settlement Class are defendants and all former officers and directors of

5

defendants, and all such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest, and any persons who have separately filed actions against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Litigation or otherwise alleged, asserted, or contended in the Litigation. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") concerning this Stipulation.

15. "Settlement Class Period" means the period from January 29, 2010 through March 30, 2011, inclusive.

16. "Settlement" means the settlement contemplated by this Stipulation.

17. "Settlement Amount" means a fund in the amount of $10,000 (Ten Thousand Dollars).

B.  SCOPE AND EFFECT OF SETTLEMENT AND RELEASES

1. The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Settled Claims as against all Released Parties.

2. Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, the Settlement Class Members on behalf of themselves, their current and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, and any person they represent, shall, with respect to each and every Settled Claim, be deemed to have released and forever

6

Stipulation and Agreement of Settlement--No. CV 11-2794-R (AGRx)

relinquished and discharged, and shall forever be enjoined from prosecuting, all Settled Claims and any and all claims arising out of, relating to, or in connection with the Settlement, the Litigation, or the resolution of the Litigation against the Released Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release, except claims to enforce any of the terms of this Stipulation.  Further, all Settlement Class Members on behalf of themselves, their current and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, expressly covenant not to assert, or suggest or assist in the assertion of, any claim or action against any of the Released Parties that: (i) arises out of or relates to the purchase or sale of China Electric securities, or (ii) that could have been alleged, asserted, or contended in any forum by the Settlement Class Members or any of them against any of the Released Parties, arising out of or relating to the purchase or sale of China Electric securities, and shall forever be enjoined from commencing, instituting, or prosecuting, or suggesting or assisting in commencing, instituting, or prosecuting, any such claim, so long as such claim relates to the purchase or sale of China Electric securities.

     C.    THE SETTLEMENT CONSIDERATION

        1. Subject to the terms of this Stipulation, the Kempisty Defendants shall pay the sum of $10,000 (Ten Thousand Dollars) into the Escrow Account within ten (10) business days after the Court issues the Preliminary Approval Order.   That payment shall constitute the Settlement Amount.

     D. CONDITIONS OF SETTLEMENT

        1. The Effective Date of the Settlement shall be conditioned upon the occurrence of all of the following events:

     a. The Court shall enter the Order and Final Judgment approving all proposed settlements in this Litigation;

     b. The Court's Order and Final Judgment shall have become "Final," as defined in subparagraph A.9.; and

     c. The sum of $10,000 (Ten Thousand Dollars) shall have been paid, as set forth in subparagraph C.1. above.

    2. Upon occurrence of all of the events referenced in subparagraph D.1. above, Lead Plaintiff shall have, and each and all of the members of the Settlement Class shall hereby be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever, released, settled, and discharged, in accordance with the terms of paragraph B. above, the Released Parties from and with respect to the Settled Claims, whether or not such members of the Settlement Class execute and deliver a Proof of Claim.

THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

THE ROSEN LAW FIRM, P.A.

/s/ _____
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
(213) 785-2610

*Attorneys for Plaintiffs*

KEMPISTY AND COMPANY CPAs, P.C.

_____
By:   Philip Kempisty
Its:   CEO

PHILIP KEMPISTY

_____

9
Stipulation and Agreement of Settlement--No. CV 11-2794-R (AGRx)

1  IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally
2  bound hereby, have caused this Stipulation to be executed, by their duly authorized
3  attorneys, as of the day and year first above written.

5  THE ROSEN LAW FIRM, P.A.
6  /s/
7  Laurence M. Rosen, Esq.
   Phillip Kim, Esq.
8  355 South Grand Avenue, Suite 2450
9  Los Angeles, CA 90071
   (213) 785-2610

*Attorneys for Plaintiffs*

14
15 KEMPISTY AND COMPANY CPAs, P.C.

17 By:   Philip Kempisty
18 Its:  CEO

21 PHILIP KEMPISTY

9
Stipulation and Agreement of Settlement--No. CV 11-2794-R (AGRx)