1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

-------------------------------------------------X

MIKE MCGEE, BANKIM GOPANI,
NIRANJAN KUMAR DAS, MARK
STEPHENSON, MELVIN YOUNKER,
VICTOR BRANCACIO, and ROBERT
WALSH, Individually and On Behalf of All
Others Similarly Situated,

                Plaintiffs,

                vs.

CHINA ELECTRIC MOTOR, INC., YUE
WANG, HAIXIA ZHANG, HEUNG SANG
"DEXTER" FONG, FUGUI WANG,
GUOQIANG ZHANG, LIANG TANG,
SHUIPING WANG, WESTPARK
CAPITAL, INC., ROTH CAPITAL
PARTNERS, LLC, RICHARD
RAPPAPORT, PHILIP KEMPISTY,
KEMPISTY & COMPANY CPAS, P.C., and
MALONEBAILEY, LLP,

                Defendants.

-------------------------------------------------X

No. CV 11-2794-R (AGRx)

CLASS ACTION

**ORDER PRELIMINARILY
APPROVING SETTLEMENT
AND PROVIDING FOR
NOTICE**

WHEREAS Lead Plaintiff Mike McGee ("Lead Plaintiff"), on behalf of himself and the putative Class, and by and through his counsel, has entered into a settlement of the claims asserted in *Stanger v. China Electric Motor, Inc.*, 11-CV-2794-R-AGRx  (the "Litigation") with defendants China Electric Motor, Inc. ("China Electric"), MaloneBailey LLP ("MaloneBailey"), Roth Capital Partners, LLC. ("Roth"), WestPark Capital, Inc., ("WestPark") and Richard Rappaport ("Rappaport") (WestPark and Rappaport are collectively the "WestPark Defendants"), Kempisty & Company CPAs, P.C. ("Kempisty CPAs") and Philip Kempisty ("Kempisty CPAs and Philip Kempisty are collectively the "Kempisty Defendants") ( the terms of which are set forth in, respectively, a Stipulation and Agreement of Settlement between Lead Plaintiff and China Electric dated March 18, 2013 (the "China Electric Stipulation"), a Stipulation and Agreement of Settlement between Lead Plaintiff and MaloneBailey dated March 18, 2013(the "MaloneBailey Stipulation"), a Stipulation and Agreement of Settlement Between Lead Plaintiff and Roth dated May 3, 2013 (the "Roth Stipulation"), a Stipulation and Agreement of Settlement between Lead Plaintiff and the WestPark Defendants dated February 26, 2013(the "WestPark Stipulation"), and a Stipulation and Agreement of Settlement between Lead Plaintiff and the Kempisty Defendants (the "Kempisty Stipulation") dated June 10, 2013[1],  all five of which are subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Amended Complaint (the

---

1 The China Electric Stipulation, MaloneBailey Stipulation , the Roth Stipulation, the WestPark Stipulation, and the Kempisty Stipulation are collectively the "Stipulations."

"Complaint") filed in the Litigation; and the Court having read and considered the Stipulations, the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Class Action Settlement" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Settlement Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 14th day of June, 2013, that:

1.      Unless indicated otherwise, capitalized terms used herein have the meanings defined in the China Electric Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all persons who purchased the publicly traded common stock of China Electric from January 29, 2010 through March 30, 2011 (the "Settlement Class").  Excluded from the Settlement Class are:

     a.  Defendants, and the members of their immediate families and Defendants' legal representatives, heirs, successors and assigns, any entity in which any Defendant has or had a controlling interest, and China Electric's, Roth's, MaloneBailey's, WestPark's, and Kempisty CPAs' predecessors;

     b.  Present and former officers and/or directors of any Defendant;

     c.  All such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and

2

any entity in which any excluded person has or had a controlling interest,

d. Any persons who have separately filed actions against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Litigation or otherwise alleged, asserted, or contended in the Litigation, and

e. Those persons who file valid and timely requests for exclusion in accordance with this Order.

3.     The Court finds, preliminarily and for purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) the Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class and the Lead Plaintiff's

Counsel previously selected by Lead Plaintiff and appointed by the Court is hereby appointed as Lead Counsel for the Settlement Class.

5.      A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on September 16, 2013 at  10:00 a.m. for the following purposes:

(a)     to determine for purposes of settlement whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b)     to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Parties as set forth in the Stipulations, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

(d)     to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Lead Plaintiff's Counsel for an award of Attorneys' Fees and Expenses;

(f)     to consider any Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Final Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

(g)     to rule upon such other matters as the Court may deem

appropriate.

6.      The Court reserves the right to adjourn the Final Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

7.      The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

8.      The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice and (c) the Proof of Claim, all of which are exhibits to the Stipulations.

9.      Lead Plaintiff's Counsel has the authority to enter into the Stipulations on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulations or such other acts that are reasonably necessary to consummate the Settlement.

10.     Strategic Claims Services, Inc. is appointed and approved as the Claims Administrator for the Settlement.

11.     Lead Plaintiff's Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-eight (28) calendar days of the entry of this Order, to all Settlement Class Members who can be

5

identified with reasonable effort by the Claims Administrator.

12.     Lead Plaintiff's Counsel are authorized to establish a Notice and Administration Account (as defined in the Stipulation) of $100,000 (One Hundred Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account.

13.     Defendants and any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of China Electric common stock currently or during the Settlement Class Period are hereby ordered to produce such transfer records in a usable electronic format to Lead Plaintiff's Counsel or the Claims Administrator within thirty (30) calendar days of receipt of a copy of this Order. Lead Plaintiff's Counsel shall take all actions necessary to ensure that the Claims Administrator executes a Confidentiality Agreement and agrees to be bound by a Protective Order regarding the confidentiality of the transfer record information prior to the production of transfer records to the Claims Administrator.  Failure by Lead Plaintiff's Counsel to secure an executed Confidentiality Agreement within the thirty-day deadline set forth herein shall excuse Defendants, issuers, securities firms, and transfer agents from producing transfer records within the thirty-day period.  None of the transfer record information produced to the Claims Administrator shall be provided to Lead Plaintiff's Counsel.

14.     Lead Plaintiff's Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased China Electric common stock

during the Settlement Class Period.  Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners.  Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners.

15.    Lead Plaintiff's Counsel shall, at or before the Final Settlement Hearing, serve upon counsel for China Electric, counsel for MaloneBailey, counsel for Roth, counsel for the WestPark Defendants, and counsel for the Kempisty Defendants and file with the Court, proof of mailing of the Notice and Proof of Claim, both to Settlement Class Members and to nominees.

16.    Lead Plaintiff's Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within ten (10) calendar days after the entry of this Order.  Lead Plaintiff's Counsel shall, at or before the Final Settlement Hearing, serve upon counsel for China Electric, counsel for MaloneBailey, counsel for Roth, counsel for the WestPark Defendants, and counsel for the Kempisty Defendants and file with the Court proof of publication of the Summary Notice.

17.    The forms and methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of

the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto.  No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

18.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than seventy-five (75) calendar days from the date of this Order.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b)    The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions:  (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the

broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Plaintiff's Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

19.     All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

20.     Settlement Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as

9

hereinafter provided.  A Settlement Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than thirty (30) calendar days prior to the Final Settlement Hearing or August 16, 2013,  to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such person.  Such persons requesting exclusion are also required to specify all their purchases and sales of China Electric common stock during the Settlement Class Period, including the date, number of shares and price of the shares purchased or sold.  The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Lead Plaintiff's Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

21.    Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund.

22.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Lead Plaintiff, only if such comments or objections and any supporting papers are served to be received at least twenty (20) calendar days prior to the Final Settlement Hearing, upon each of the following:

**COUNSEL FOR LEAD PLAINTIFF**
**AND THE CLASS:**

Laurence M. Rosen, Esq.

10

Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**COUNSEL FOR CHINA ELECTRIC MOTOR, INC.:**

Jerome S. Fortinsky, Esq.
Brian G. Burke, Esq.
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022

**COUNSEL FOR MALONEBAILEY:**

Patrick M. Kelly, Esq.
David S. Eisen, Esq.
Patricia Ann Golson, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
555 South Flower Street, Suite 2900
Los Angeles, California 90071

**COUNSEL FOR WESTPARK CAPITAL, INC. AND RICHARD RAPPAPORT:**

Nathan Dooley, Esq.
COZEN O'CONNOR
601 South Figueroa Street
Suite 3700
Los Angeles, California 90017

**COUNSEL FOR ROTH CAPITAL PARNTERS, LLC.:**

John R. Loftus, Esq.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, CA  90067

**COUNSEL FOR KEMPISTY &
COMPANY CPAs, P.C. AND PHILIP
KEMPISTY**

James C. McMillin
MCAFEE & TAFT, P.C.
211 N. Robinson Ave
Oklahoma City, OK 73102

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Central District of California, 312 North Spring Street, Los Angeles, California 90012.  Attendance at the Final Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing.  Settlement Class Members do not need to appear at the Final Settlement Hearing or take any other action to indicate their approval.

23.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered

approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a payment to Lead Plaintiff.

24.     The Court reserves the right to adjourn the Final Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

25.     All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiff shall be filed and served thirty-five (35) calendar days before the Final Settlement Hearing.

26.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiff shall be filed no later than fourteen (14) calendar days prior to the Final Settlement Hearing.

28.     Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims.  In addition, the Litigation is stayed.

29.     In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

30.     The Court retains exclusive jurisdiction over the action to consider all

1  further matters arising out of, or relating to, the Settlement, including by way of

2  illustration and not limitation, any dispute concerning any Proof of Claim filed by

3  any Settlement Class Member and any future requests by one or more of the

4  Parties that the Final Order and Judgment, the Release and/or the permanent

5  injunction set forth in the Stipulation be enforced.

6

7

8  Dated:        June 14, 2013

9  _____

10                                              HON. MANUEL L. REAL
                                                UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28