JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MCGEE, BANKIM GOPANI, NIRANJAN KUMAR DAS, MARK STEPHENSON, MELVIN YOUNKER, VICTOR BRANCACIO, and ROBERT WALSH, Individually and On Behalf of All Others Similarly Situated,, <br><br> Plaintiffs, <br><br> vs. <br><br> CHINA ELECTRIC MOTOR, INC., YUE WANG, HAIXIA ZHANG, HEUNG SANG "DEXTER" FONG, FUGUI WANG, GUOQIANG ZHANG, LIANG TANG, SHUIPING WANG, WESTPARK CAPITAL, INC., ROTH CAPITAL PARTNERS, LLC, RICHARD RAPPAPORT, PHILIP KEMPISTY, KEMPISTY & COMPANY CPAS, P.C., and MALONEBAILEY, LLP, <br><br> Defendants. | No. CV 11-2794-R (AGRx) <br><br> <u>CLASS ACTION</u> <br><br> **ORDER AND FINAL JUDGMENT** <br><br> Hon. Manuel Real |

On October 7, 2013 a hearing was held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 18, 2013 (the "China Electric Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against defendants China Electric Motor, Inc. ("China Electric"), Liang Tang, Fugui Wang, Shuiping Wang, Yue Wang, Guoqiang Zhang, and Haixia Zhang, and Heung Sang "Dexter" Fong (collectively, the "China Electric Defendants"); (2) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 18, 2013 (the "MaloneBailey Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against MaloneBailey LLP ("MaloneBailey"); (3) whether the terms and conditions of the Stipulation and Agreement of Settlement dated May 3, 2013 (the "Roth Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Roth Capital Partners, LLC ("Roth"), (4) whether the terms and conditions of the Stipulation and Agreement of Settlement dated February 26, 2013 (the "WestPark Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against WestPark Capital, Inc., ("WestPark") and Richard Rappaport ("Rappaport") (WestPark and Rappaport are collectively the "WestPark Defendants"); and (4) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 10, 2013 (the "Kempisty Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Kempisty & Company CPAs, P.C. ("Kempisty CPAs") and Philip Kempisty (Kempisty CPAs and Philip Kempisty are collectively the "Kempisty Defendants"); and (4) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the China Electric Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiff, all Settlement Class Members and the Defendants.

3. The District Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation. The Settlement Class is being certified for settlement purposes only.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for settlement purposes only, and certifies as the Settlement Class all persons or entities who purchased the publicly traded common stock of China Electric Motor, Inc. from

January 20, 2010 through March 30, 2011, and who were damaged thereby. Excluded from the Settlement Class are:

    a. Defendants, and the members of their immediate families and Defendants' legal representatives, heirs, successors and assigns, any entity in which any Defendant has or had a controlling interest, and China Electric's, MaloneBailey's, Roth's, WestPark's, and Kempisty CPAs' predecessors;

    b. Present and former officers and/or directors of any Defendant;

    c. All such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest,

    d. Any persons who have separately filed actions against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Litigation or otherwise alleged, asserted, or contended in the Litigation, and

    e. Those persons who excluded themselves by filing timely and valid requests for exclusion in accordance with the Preliminary Approval Order, a list of whom is attached to this Order as Exhibit A.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiff is certified as the class representative and the Lead Plaintiff's Counsel previously selected by Lead Plaintiff and appointed by the Court is hereby appointed as Lead Counsel for the Settlement Class.

6. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements

of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiff, China Electric, MaloneBailey, Roth, the WestPark Defendants, and the Kempisty Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the China Electric Stipulation, the MaloneBailey Stipulation, the Roth Stipulation, the WestPark Stipulation, and the Kempisty Stipulation, respectively. WestPark is additionally directed to consummate the Settlement in accordance with the terms and provisions of the payment plan set forth in the stipulation between WestPark Capital Financial Services, LLF and Plaintiff ("WPCFS Stipulation") (Dkt. No. 185). The China Electric Stipulation, the MaloneBailey Stipulation, the Roth Stipulation, the WestPark Stipulation, the Kempisty Stipulation and the WPCFS Stipulation are collectively referred to as the "Stipulations."

1   8.  The Litigation and the Complaint as to the China Electric Defendants, MaloneBailey, Roth, the WestPark Defendants, and the Kempisty Defendants are hereby dismissed with prejudice and without costs.

9.  Lead Plaintiff and the Settlement Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, hereby release and forever discharge the Released Parties from any and all Settled Claims.  Lead Plaintiff and the Settlement Class Members, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims against the Released Parties.

10.  China Electric, MaloneBailey, Roth, the WestPark Defendants, and the Kempisty Defendants, including any and all of their respective successors in interest or assigns, each hereby releases and forever discharges any and all Settled Defendants' Claims against the Lead Plaintiff, any of the Settlement Class Members and any of their counsel, including Lead Counsel for the Settlement Class and any counsel working under Lead Counsel's direction.

11.  The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

12.  Upon the Effective Date, all claims for contribution or indemnification, however denominated, and all claims where the damage to the claimant is measured by reference to the claimant's liability to the Lead Plaintiff or the Settlement Class or the claimant's incurring of costs of defense of those claims, which may be or have been brought against the Released Parties, MaloneBailey, Roth, the WestPark Defendants, or the Kempisty Defendants and which arise under the federal securities laws or state law in favor of Persons, including any Defendants, who are asserted to be joint tortfeasors with the Released Parties, Roth, MaloneBailey, the WestPark Defendants, or the Kempisty Defendants in the Settled Claims, are hereby

extinguished, barred, and dismissed with prejudice except as provided for herein. All claims for contribution or indemnification in favor of the China Electric Defendants, China Electric's current, former, or future officers and directors, Roth, MaloneBailey, the WestPark Defendants, or the Kempisty Defendants which arise under the federal securities laws or state law against any non-settling Defendants who are asserted to be joint tortfeasors with the China Electric Defendants, China Electric's current, former, or future officers and directors, MaloneBailey, Roth, the WestPark Defendants, or the Kempisty Defendants in the Settled Claims, are likewise extinguished, barred, and discharged, except as provided herein. Notwithstanding any of the foregoing, claims among the China Electric Defendants and China Electric's current, former, or future officers and directors themselves, including but not limited to claims for contractual and/or statutory indemnity (including advancement of defense costs) by present and former officers and directors of China Electric, as well as claims for insurance coverage by the China Electric Defendants, China Electric's current, former, or future officers and directors, MaloneBailey, Roth, the WestPark Defendants, or the Kempisty Defendants are expressly preserved and nothing in the China Electric Stipulation, the MaloneBailey Stipulation, the Roth Stipulation, the WestPark Stipulation, the Kempisty Stipulation or this Order and Final Judgment shall apply to extinguish, bar, discharge, waive or otherwise affect such claims. Further, notwithstanding any of the foregoing, claims by Roth against the WestPark Defendants, including but not limited to claims for breach of contract, contractual and/or statutory indemnity and contribution are expressly preserved and nothing in any stipulation, including the Roth Stipulation and Westpark Stipulation or this Order and Final Judgment shall apply to extinguish, discharge, waive or otherwise affect such claims. In the event of a trial, the liability of all Defendants other than the China Electric Defendants, MaloneBailey, Roth, the WestPark Defendants, and the Kempisty Defendants shall be limited to their

proportionate share of liability in the manner set forth in *Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) and other applicable law.

13. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Neither this Order and Final Judgment, the Stipulations, nor any of the negotiations, documents or proceedings connected with them shall be:

    a. referred to or used against the Released Parties or against the Lead Plaintiff or the Settlement Class as evidence of wrongdoing by anyone;

    b. construed against the Released Parties or against the Lead Plaintiff or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

    c. construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

    d. used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

15. Exclusive jurisdiction is hereby retained over China Electric, MaloneBailey, Roth, the WestPark Defendants, the Kempisty Defendants and the Settlement Class Members for all matters relating to the Litigation, including the

administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

16. Without further order of the Court, China Electric, MaloneBailey, Roth, the WestPark Defendants, the Kempisty Defendants and Lead Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the China Electric Stipulation, the MaloneBailey Stipulation, the Roth Stipulation, the WestPark Stipulation, the Kempisty Stipulation and the WPCFS Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Plaintiff's Counsel's application for an award of Attorneys' Fees and Expenses.

19. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in Paragraph L in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of

1  their respective claims and defenses in the Litigation, and shall revert to their
2  respective positions in the Litigation.

Dated:   Nov. 12   , 2013

_____
HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE