CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MCGEE, et al., | CASE NO. CV 11-2794-R |
| Plaintiffs, | ORDER GRANTING PLAINTIFF'S MOTION FOR ADDITIONAL ATTORNEYS' FEES AFTER NINTH CIRCUIT MANDATE |
| v. | |
| CHINA ELECTRIC MOTOR INC., et al., | |
| Defendants. | |

Before the Court is Plaintiffs Counsel's Request for Additional Attorneys' Fees, in conjunction with the Ninth Circuit's Mandate, which took effect on February 9, 2016 (Dkt. No. 200).

As explained by the Ninth Circuit in its Opinion Remanding this action back to this Court, "under the lodestar method, the court multiplies a reasonable number of hours by a reasonable hourly rate." As a preliminary matter, the $475 "blended" hourly rate was an attempt by this Court to account for "high-cost-lawyers" being placed on issues and tasks that less experienced and less costly professionals could have successfully completed. The blended hourly rate allowed

this Court to find an hourly rate which would adequately compensate Plaintiffs' entire legal team, in light of the attorney's chosen allocation of time and resources, while not penalizing the class for any personnel and staffing inefficiency. Since a court in a common fund case "must look out for the interests of the beneficiaries" who neither hired the attorneys in question nor agreed to their hourly rate, this Court is not strictly bound to the requested hourly rate suggested by the attorneys at the conclusion of the case through settlement. *See generally In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602 (9th Cir. 1997). In any event, after calculating the delay and other factors into the fees calculation, the Lodestar figure will be adjusted going forward.

    The Lodestar figure is presumed to represent a reasonable fee. *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997 (9th Cir. 2002). After finding the presumptive Lodestar figure, the Court then may make adjustments to the amount of attorneys' fees based on the *Kerr* factors. *Gracie*, 217. F.3d at 1070. The Kerr factors include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (abrogation in part recognized by *Jordan v. Multnomah Cnty.*, 815 F.2d 1258 (9th Cir. 1987) (explaining that a district court need only apply some of these factors in its analysis of the reasonableness of attorneys' fees); *Davis v. City and Cnty. of S.F.*, 976 F.2d 1536 (9th Cir. 1992) (vacated on other grounds by *Davis v. City and Cnty. of S.F.*, 984 F.2d 345 (1993) (explaining the current irrelevance of the sixth factor))).

    Having reexamined Plaintiffs Counsel's request in light of the Ninth Circuit's Opinion, and the position papers presented by Plaintiffs' Counsel, this Court is now satisfied that an upward adjustment of the Lodestar value is appropriate.

    First, Plaintiffs' Counsel provided 1,402 hours of legal work on this case, which is

1  admittedly a significant investment in time and resources.  These hours appear presumptively
2  reasonable in light of the unique complexities present in litigating a complex civil case requiring
3  significant work in foreign countries, and finding common ground between multiple defendants.
4  This presumption is strengthened by the fact that Plaintiffs' Counsel had to negotiate the
5  settlement despite the breakdown of the initial good faith attempts at mediation between parties.

      Second, while much of Plaintiffs' arguments concerning the novelty and difficulty of the issues involved in this case appear a bit overstated, dealing with issues of research in production that comply with both United States and Chinese law do raise the complexity of this case beyond a standard domestic class action.

      Third, the skill of both Plaintiffs' Counsel and Opposing Counsel in this case were unquestionably noteworthy.  Thus the third and ninth *Kerr* Factors favor an upward enhancement.

      Fourth, working over 1400 hours on this case clearly precludes other employment options for Plaintiffs' Counsel.

      Fifth, the presumed reasonable rate in common fund cases will often be 25% or higher of the overall award received by the class.  *In re Activision Secs. Litig.*, 723 F. Supp. 1373 (N.D. Cal. 1989).  The original full Lodestar value in this case was significantly below that amount and thus both the fifth and twelfth *Kerr* factors favor an enhancement above the Lodestar figure.

      Sixth, the results obtained, as already noted by this Court in its original order, were admittedly quite favorable to the class members.  The eighth *Kerr* factor thus weighs in favor of an enhancement.

      Seventh, given the legitimate concerns of being able to collect against foreign defendants with questionable solvency, the risk of non-payment was high in this case as well.

      While this Court finds Plaintiffs Counsel's articulation of the undesirability of this case to be a bit overstated, the *Kerr* factors, when examined as a whole, do make Plaintiffs Counsel's requested upward adjustment of the Lodestar value to appear reasonable to this Court.

      Having examined the reasonableness factors in determining the appropriateness of an upward adjustment to the Lodestar rate, this Court must next examine the delay factor.  This Court may use either of two methods for calculating the appropriate compensation for a delay in

payment: "(1) by applying the attorneys' current rates to all hours billed during the course of the litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement." *Fischel*, 307 F.3d at 1010.  This Court will use the first method in this case.  Based on the numbers provided in Plaintiffs' Second Position Paper, using Counsel's current rates yields a lodestar of $534,092 for the Rosen Law Firm, $98,105 for Glancy, and $127,542 for Lieff.  This adds up to $759,739.  This fee enhancement is appropriate given both the length of the underlying litigation, and the delay inherent in Plaintiffs Counsel's successful appeal to the Circuit court.

      Plaintiffs Counsel's next request for a risk multiplier of around 1.24 is reasonable considering the significant risk in both taking this case and obtaining a recovery as explained above, and the much higher risk adjustment that is often awarded in these cases.  *See generally Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995).  Since the reasonableness factors, delay factor, and risk factor all support an upward enhancement of Plaintiffs Counsel's original Lodestar value, this Court GRANTS Counsel's request for additional attorneys' fees.  Plaintiffs Counsel's specific fee enhancement appears reasonable for the reasons explained above.

      This Court therefore ORDERS that Plaintiffs' Counsel receive an additional award of $478,545.00.

**IT IS HEREBY ORDERED** that Plaintiffs' Counsel is to be awarded an additional $478,545.00 in attorneys' fees.

Dated: May 5, 2016.

          MANUEL L. REAL
          UNITED STATES DISTRICT JUDGE

4